UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATSCO, a division of WELLS FARGO BANK, N.A., <br><br>             Petitioner, <br><br>   v. <br><br> JOHN HANG D.D.S., PROF. CORP., a professional Nevada corporation; JOHN HANG, an individual; and DOES I through X; and ROE Corporations I through X, inclusive, <br><br>             Defendants. | 2:09-CV-02242-LRH-RJJ <br><br><br> ORDER |

The underlying action involves John Hang D.D.S., Prof. Corp. ("Hang D.D.S."), and John Hang's (collectively, "Defendants") alleged failure to fulfill the terms of a loan agreement (#1[1]). On November 23, 2009, Plaintiff Matsco ("Plaintiff") commenced the action against Defendants (#1). On January 12, 2010, Plaintiff served Defendants with the Summons and Complaint, to which Defendants did not respond (##6, 7). On March 3, 2010, Plaintiff filed a motion for default judgment (#14). In response, on March 29, 2010, Defendant John Hang filed a notice of pending Chapter 7 bankruptcy (#15). On July 1, 2010, the court nonetheless granted default judgment in favor of Plaintiff (#16).

---

[1] Refers to the court's docket entry number.

The automatic stay provision codified in 11 U.S.C. § 362 prohibits the commencement or continuation of a judicial or administrative proceeding against a debtor to recover on a claim that arose pre-bankruptcy. 11 U.S.C. § 362(a). Because Defendant John Hang filed his notice of pending bankruptcy (#15) before the court issued its order granting default judgment in favor of Plaintiff (#16), the court finds it proper to (1) vacate its order granting default judgment as to Defendant John Hang (#16) and (2) grant an automatic stay of the proceedings against Defendant John Hang.[2]

IT IS THEREFORE ORDERED that Default Judgment (#16) be vacated for Defendant John Hang.

IT IS FURTHER ORDERED that this action is hereby STAYED as to Defendant John Hang, pending the resolution of Defendant's Chapter 7 bankruptcy proceeding.

IT IS SO ORDERED.

DATED this 13th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Courts ordinarily fail to extend automatic stays to co-defendants. *See United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) ("Ordinarily, however, unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties."). Moreover, a debtor must petition a court to determine whether it qualifies for an automatic stay. *See In re Richard B. Vance and Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) ("[E]xtension of the stay to nonbankrupt parties is not automatic and must be requested affirmatively by the debtor."); *see also All Seasons Resorts, Inc. v. Milner* (*In re All Seasons Resorts, Inc.*), 79 B.R. 901, 904 (Bankr. C.D. Cal. 1987) ("[A]utomatic stay does not *automatically* encompass all co-defendants. A court must make that determination upon the request of the debtor."). Since Defendant Hang D.D.S. did not file a notice of pending bankruptcy, the court shall not extend the automatic stay to the proceedings against Hang D.D.S. As such, the court shall not vacate its order granting default judgment as to Defendant Hang D.D.S. (#16).

2